FANNIE A. BAKER *vs.* PLANNING BOARD OF FRAMINGHAM.

Middlesex.     May 1, 1967. — July 12, 1967.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Subdivision Control.*

The planning board of a town exceeded its authority under G. L. c. 41, § 81U, when it disapproved a definitive subdivision plan of land on the assumption that such disapproval would be in "the best interest of the town" and in "the public interest" by reason of "the extra cost to the town of handling the sewage and surface drainage produced by the subdivision," where it appeared that the sewage and drainage systems proposed for the subdivision had been approved by the board of health and met all the requirements of the statutes and of the rules and regulations of the planning board.

BILL IN EQUITY filed in the Superior Court on May 27, 1965.

The suit was heard by *Fairhurst*, J.

*Avram G. Hammer* (*Joseph H. Lewis,* Town Counsel, with him) for the defendant.

*John P. Garrahan* (*Carl A. Sheridan* with him) for the plaintiff.

KIRK, J.   In the Superior Court the judge entered a decree that the planning board of Framingham (the board) had exceeded its authority in disapproving the definitive

plan for the subdivision of approximately eleven acres of land owned by the plaintiff (Baker[1]). The decree annulled the decision of the board and directed that it promptly take further proceedings under the subdivision control law consistent with the applicable statutes and the decree. See *Daley Constr. Co. Inc.* v. *Planning Bd. of Randolph,* 340 Mass. 149, 156; *Pieper* v. *Planning Bd. of Southborough,* 340 Mass. 157, 164; *Doliner* v. *Planning Bd. of Millis,* 343 Mass. 1, 9. The board's appeal brings the case to us.

Baker's bill in equity was brought under G. L. c. 41, § 81BB. After the parties were at issue on the pleadings, the case was referred to a master whose report was confirmed by interlocutory decree, from which no appeal was taken. No report of the evidence was authorized; no summary of the evidence was requested. The only questions presented, therefore, are (1) whether the findings of the master are contradictory, mutually inconsistent or plainly wrong, and (2) whether the decree is within the scope of the pleadings and supported by the facts found. *Lukas* v. *Leventhal,* 344 Mass. 762. *Madigan* v. *McCann,* 346 Mass. 62, 64, and cases cited.

We summarize the admissions made in the pleadings and the facts found by the master which, in light of the standard of review and the arguments made, are pertinent to the issues to be resolved. In December, 1934, Baker and her husband granted to the town by recorded deed an easement (ten feet wide), through land owned by them, for the purpose of constructing and maintaining a pipe drain or excavating and maintaining a ditch of "sufficient depth to permit without interruption the flow of surface water and drainage" through the Baker land. The town excavated a ditch which received water accumulating on Brook Street and channeled the water across Baker's land to land of another where it entered a fifteen inch drain controlled by the town, and thence was carried to the Sudbury River. Be-

---

[1] Fannie A. Baker, the owner, was joined as party plaintiff by her son, Phillip G. Baker, who represented the owner before the board. The judge dismissed the bill as to Phillip, who has not appealed.

cause of the development of land in the area since the ease-
ment was granted, including the construction of a church
with a large paved parking lot, the volume of water now ac-
cumulating on Brook Street during heavy rainstorms has
greatly increased. The ditch cannot carry off the increased
volume of water to the drain pipe on the adjoining land,
and the drain pipe, in turn, cannot carry away the water
which is collected in and over the ditch. The result is that
the Baker land becomes flooded for a considerable area on
both sides of the ditch, and the land consequently serves as
a flood control or "retention area" for the town, to the ex-
tent of 16,200 cubic feet of water, during and after heavy
rains and thaws.

Baker's definitive plan was submitted on February 26,
1965. A preliminary plan had been submitted earlier.
The board of health approved the definitive plan. G. L.
c. 41, §§ 81M, 81U. The planning board did not modify the
definitive plan but, by majority vote, disapproved it and
stated its reasons. G. L. c. 41, § 81U. In summary, the
board's reasons for disapproval relate to the sewerage and
water drainage systems proposed in the definitive plan.
The sewerage system would require the construction and
maintenance of a lift or pumping station to tie in with the
town's sewerage system, whereas the board favored a
gravity system which would not require a lift station.
The proposed water drainage system, although adequate
for the subdivision, would deprive the town of the retention
area on Baker's land and, in consequence, would overtax the
downstream draining system outside the subdivision. The
board stated that neither the preliminary nor the definitive
plan, as submitted, delineated the town's drainage easement
across the Baker land. The board disapproved on the addi-
tional ground that "[a]pproval . . . would not be in the
best interest of the Town, since it would negate the PURPOSE
section 81-M" with special reference to " '. . . securing
safety in cases of . . . flood, . . . securing adequate provi-
sion for water, sewerage, drainage and other requirements
where necessary in a subdivision.' "

Additional findings by the master were that the majority of the board believed that they were justified in disapproving the plan because of the additional expense which the town would incur by the enlargement of the town's drainage system to compensate for the loss of use of the Baker land as a water retention area, and by the construction and maintenance of the lift station for the sewerage system. The plan with respect to the sewerage and drainage systems for the subdivision met all of the requirements of the statutes and of the rules and regulations of the board. The town already operates several lift or pumping stations in its sewerage system. The omission from the plans of the town's easement across Baker's land did not deceive and was not intended to deceive the board, but was the result of an understanding between the town engineer and Baker's engineer that the town probably would reroute its drainage system through pipes on one of the streets shown on the plans.

The master's ultimate finding was that the board "had but a single reason for disapproving the . . . [definitive] plan, namely, the extra cost to the Town of handling the sewage and surface drainage produced by the subdivision." We think that the ultimate finding of the master cannot be said to be plainly wrong and that his subsidiary findings are consistent with it.

The decree based on the master's report was right. Our decisions dealing with the powers of planning boards as clarified by G. L. c. 41, § 81M, hold that, having exercised due regard for insuring compliance with the applicable zoning by-law, approval under § 81U should be given to a plan if it complies with the recommendations of the board of health and the reasonable rules and regulations of the planning board. *Daley Constr. Co. Inc.* v. *Planning Bd. of Randolph,* 340 Mass. 149, 153–154. *Pieper* v. *Planning Bd. of Southborough,* 340 Mass. 157, 163. *Doliner* v. *Planning Bd. of Millis,* 343 Mass. 1, 6. The zoning by-law is not in issue; the board of health has given its approval; there is no violation of, or failure to comply with, existing

rules and regulations. Obviously a planning board may not exercise its authority to disapprove a plan so that a town may continue to use the owner's land as a water storage area and thereby deprive the owner of reasonable use of it. The board's action appears to be based on the assumption that it may disapprove a plan when it considers that "the best interest of the Town" or "the public interest" would be served by the disapproval of installations which meet the established requirements. This is an erroneous assumption and was fully dealt with in *Daley Constr. Co. Inc.* v. *Planning Bd. of Randolph,* 340 Mass. 149, where the remedial purpose of § 81M was discussed. It was beyond the board's authority to disapprove the plan.

*Decree affirmed.*