DIANE E. HAMILTON *vs.* PLANNING BOARD OF LEXINGTON. April 27, 1976. 1. The record on appeal from the judgment upholding the board's disapproval of the plaintiff's subdivision plan (G. L. c. 41, § 81BB, as

appearing in St. 1957, c. 199, § 2) affords no basis for disturbing the trial judge's finding that there was a reasonable likelihood of the locus being flooded during ten-year storms. If the plaintiff's attack on the finding be interpreted as a contention that Martin and Chase had insufficient knowledge so to testify, we reject it for the reasons stated in *Pataskas* v. *Judeikis,* 327 Mass. 258, 260-261 (1951), and cases cited. If, on the other hand, the plaintiff is claiming that the judge accorded undue weight to that testimony, no question of law is presented, as his findings may not be set aside "unless clearly erroneous." Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). *Marlow* v. *New Bedford,* 369 Mass. 501, 508 (1976). Compare *Gladstone Bros. Inc.* v. *Board of Health of Salisbury, ante,* 780 (1976). 2. Nor was the board without power to disapprove the plan because of its failure to meet the flooding problem by adequate provision for drainage of the locus. See G. L. c. 41, § 81M, as amended through St. 1969, c. 884, § 2; *United Reis Homes, Inc.* v. *Planning Bd. of Natick,* 359 Mass. 621, 622-625 (1971). Sections 3.1, 6.4 and 6.6 (and possibly §§ 7.1.1 and 7.5) of the rules and regulations adopted pursuant to G. L. c. 41, § 81Q, as amended through St. 1969, c. 884 § 3, contemplated disapproval on precisely that ground. Compare *Mac-Rich Realty Constr. Inc.* v. *Planning Bd. of Southborough, ante,* 79, 83 (1976). Contrast *Pieper* v. *Planning Bd. of Southborough,* 340 Mass. 157, 163-164 (1959). The plaintiff's reliance on the testimony of various witnesses that the plan complied with all rules and regulations is misplaced, as that testimony is in no way binding on the parties, the judge or this court. *Wasserman* v. *Tonelli,* 343 Mass. 253, 257 (1961), and cases cited. *Chesarone* v. *Pinewood Builders, Inc.* 345 Mass. 236 (1962), is inapposite; it involved flooding from water artificially channeled and deposited onto the land of another whereas the expected flooding in the present case is by natural drainage across the locus. The judge's finding that the board's decision was motivated by the need to protect proposed homes within the locus sufficiently distinguishes the present case from those in which a planning board had disapproved a plan adequate for the proposed subdivision solely because it would overtax existing municipal facilities or otherwise adversely affect the public interest. See *Daley Constr. Co. Inc.* v. *Planning Bd. of Randolph,* 340 Mass. 149, 152-156 (1959); *Pieper* v. *Planning Bd. of Southborough,* 340 Mass. at 162-164; *Baker* v. *Planning Bd. of Framingham,* 353 Mass. 141, 143-145 (1967); *Mac-Rich Realty Constr. Inc.* v. *Planning Bd. of Southborough, ante,* at 84-85. Chase's testimony that his only objection to the plan was the inadequacy of the public drainage system for the entire watershed of which the locus was a part did not require a contrary finding. As Chase was neither a member of the board nor a party to the case, his testimony was not binding upon the board. *Salvato* v. *DiSilva Transp. Co. Inc.* 329 Mass. 305, 311 (1952), and cases cited. The judge was at liberty to ignore that testimony and credit Chase's further testimony that the plan was objectionable for its failure to afford protection against probable flooding of the locus itself by surface water from neighboring lands. *Calderone* v. *Wright,* 360 Mass. 174, 176 (1971), and cases cited.

*Judgment affirmed.*

The case was submitted on briefs.
*Gerald S. Cournoyer, Jr.,* for the plaintiff.
*Acheson H. Callaghan, Jr., & Miles D. Wichelns* for the defendant.