LOUIS M. CANTER & others *vs.* PLANNING BOARD OF WESTBOROUGH.

Worcester.    February 12, 1976. — May 17, 1976.

Present: KEVILLE, GRANT, & ARMSTRONG, JJ.

Subdivision Control.    Equity Pleading and Practice, Subdivision control appeal.

Where the planning board of a town disapproved a subdivision plan on the stated grounds that the prospective development thereunder would create dangerous traffic conditions in public ways adjacent to the subdivision and that thereby and because of the narrowness of the adjacent ways access to parts of the subdivision would not be adequate in the event of emergencies, but no noncompliance with the regulations of the board, or the recommendations of the board of health, or the town's zoning by-law appeared with respect to such stated grounds, the decision of the board was in excess of its authority and must be annulled in a proceeding under G. L. c. 41, § 81BB. [308-310]
In a suit in equity under G. L. c. 41, § 81BB, by way of appeal from a decision by a town's planning board disapproving a subdivision plan,

where the decision was held to be in excess of the board's authority on the grounds stated therein, but there was before this court a contention of invalidity of the plan on other grounds not dealt with before the board or the trial court, entry was ordered of a judgment reciting such excess of authority and annulling the decision and directing the board to hold a public hearing on the plan and to take proper final action thereon within certain times. [310]

BILL IN EQUITY filed in the Superior Court on March 1, 1973.

The suit was heard by *Meagher, J.*

The case was submitted on briefs.

*Eugene L. Tougas* for the plaintiffs.

*Robert J. Gallagher,* Town Counsel, for the Planning Board of Westborough.

ARMSTRONG, J.   The plaintiffs appealed under G. L. c. 41, § 81BB, from a decision of the defendant planning board disapproving their subdivision plan on the grounds that the development proposed therein would have the effect of creating dangerous traffic conditions in several public ways adjacent to the subdivision and that access into certain portions of the subdivision would not be adequate in the event of fire or other emergencies due to the narrowness of, and anticipated congestion on, the adjacent ways. A judge of the Superior Court made findings which substantiated the reasons for disapproval given by the board and ordered the plaintiffs' bill dismissed. The case is before us on the plaintiffs' appeal from a final decree to that effect entered on November 6, 1973.

The Superior Court's review, and ours, must be confined to the reasons for disapproval of the subdivision plan stated by the planning board. *Daley Constr. Co. Inc.* v. *Planning Bd. of Randolph,* 340 Mass. 149, 152 (1959). *Mac-Rich Realty Constr. Inc.* v. *Planning Bd. of Southborough, ante,* 79, 83 (1976). The decisions of the planning board and of the Superior Court do not show, or attempt or purport to show, that the traffic problems which were the stated reasons for disapproval con-

stituted violations of rules or regulations promulgated by the planning board under the authority and direction of G. L. c. 41, § 81Q. There is no suggestion in the record that the plan does not comply with any recommendation the board of health may have made under G. L. c. 41, § 81U, or with any provision of the town's zoning by-law.

The final sentence of G. L. c. 41, § 81M, inserted by St. 1957, c. 265, states: "It is the intent of the subdivision control law that any subdivision plan filed with the planning board shall receive the approval of such board if said plan conforms to the recommendation of the board of health and to the reasonable rules and regulations of the planning board pertaining to subdivisions of land...." The same thought appears in G. L. c. 41, § 81U, the second paragraph of which states that "... the planning board shall approve, or, if such plan does not comply with the subdivision control law or the rules and regulations of the planning board or the recommendations of the health board or officer, shall modify and approve or shall disapprove such plan. In the event of disapproval, the planning board shall state in detail wherein the plan does not conform to the rules and regulations of the planning board or to the recommendations of the health board or officer and shall revoke its disapproval and approve a plan which, as amended, conforms to such rules and regulations or recommendations." It follows from that clear statutory language that the planning board may not disapprove a plan not shown to violate the regulations of the planning board or the requirements of the board of health. *Pieper* v. *Planning Bd. of Southborough,* 340 Mass. 157, 163-164 (1959). *Castle Estates, Inc.* v. *Park & Planning Bd. of Medfield,* 344 Mass. 329, 333-334 (1962). *Baker* v. *Planning Bd. of Framingham,* 353 Mass. 141, 144-145 (1967). *United Reis Homes, Inc.* v. *Planning Bd. of Natick,* 359 Mass. 621, 622-623 (1971). *Sparks* v. *Planning Bd. of Westborough,* 2 Mass. App. Ct. 745, 747 (1974). *Selectmen of Ayer* v. *Planning Bd. of Ayer,* 3 Mass. App. Ct. 545, 548 (1975). *Mac-Rich Realty Constr. Inc.* v. *Planning Bd. of*

*Southborough, ante,* at 84-85.[1] The regulations of the planning board, to be effective as a basis for disapproval of a plan, must be "comprehensive, reasonably definite, and carefully drafted, so that owners may know in advance what is or may be required of them and what standards and procedures will be applied to them." *Castle Estates, Inc.* v. *Park & Planning Bd. of Medfield, supra,* at 334. *Sparks* v. *Planning Bd. of Westborough, supra,* at 747-748. *Chira* v. *Planning Bd. of Tisbury,* 3 Mass. App. Ct. 433, 438 (1975).

The rules and regulations of the planning board were admitted in evidence and are before us. We find nothing in them which appears to be directed to those aspects of the plan which were made the grounds for disapproval. The planning board does not contend otherwise. It follows that the board's decision cannot be sustained.

We do not reach, therefore, the principal issue argued before us — namely, whether the planning board has the power to disapprove a subdivision plan due to traffic problems and access problems caused not by any inadequacy of the ways set out on the subdivision plan, but rather by inadequacies in the public ways adjacent to or providing access to the proposed development. We only point out that we do not regard that issue as necessarily having been concluded by such cases as *Daley Constr. Co.* v. *Planning Bd. of Randolph,* 340 Mass. at 152-156, and *Mac-Rich Realty Constr. Inc.* v. *Planning Bd. of Southborough, ante,* at 84, which apply in other contexts the principle that a planning board should not disapprove a plan on the basis of inadequacies in utility or municipal services outside the proposed subdivision. The language of § 81M[2] could be

---

[1] Certain formulations of the rule suggest that a planning board may also disapprove a plan not shown to violate a planning board regulation if it violates the applicable zoning by-law. See G. L. c. 41, §§ 81M and 81Q; *Doliner* v. *Planning Bd. of Millis,* 343 Mass. 1, 6 (1961); *Baker* v. *Planning Bd. of Framingham,* 353 Mass. 141, 144 (1967). No question of compliance with the zoning by-law is involved in this case.

[2] "The powers of a planning board ... shall be exercised with due regard for the provision of adequate access to all of the lots in a sub-

read to suggest that a developer may be required by appropriate planning board regulations to take into account deficiencies in "adjacent public ways," and the concept of "adequate access" may itself involve consideration of the adequacy of connecting ways. Compare *United Reis Homes, Inc.* v. *Planning Bd. of Natick,* 359 Mass. at 625. See also *Rounds* v. *Board of Water & Sewer Commrs. of Wilmington,* 347 Mass. 40, 46-47 (1964).

We do not deal with the planning board's contention that the subdivision plan submitted by the plaintiffs in fact violated certain of the board's regulations in respects not mentioned in the board's decision. The contention involves questions of fact which have not been dealt with before the board or the trial court and which it is not appropriate for this court to decide. In accordance with the disposition in *Pieper* v. *Planning Bd. of Southborough,* 340 Mass. at 164, the following entry should be made: The decree is reversed. A judgment is to be entered (a) stating that the board exceeded its authority in disapproving the plaintiffs' plan on the grounds stated in its decision, (b) annulling the action of the board, and (c) directing the board to hold a public hearing on the plan within thirty days of the date of the judgment and to take final action on the plan within forty-five days from the date of the judgment in a manner consistent with the applicable statutes, rules and regulations, and with this opinion. In the exercise of its discretion the Superior Court may provide in the judgment that it shall retain jurisdiction over the case pending final action by the board.

*So ordered.*

---

division by ways that will be safe and convenient for travel; for lessening congestion in such ways *and in the adjacent public ways. . . ."* (emphasis supplied).