LORING HILLS DEVELOPERS TRUST *vs.* PLANNING BOARD OF SALEM. April 19, 1977. The plaintiff, as to whose capacity to maintain this action (see *Roberts-Haverhill Associates* v. *City Council of Haverhill,* 2 Mass. App. Ct. 715, 721 [1974]) no question has been raised, filed this appeal under G. L. c. 41, § 81BB, following disapproval by both the planning board and the board of health of its initially submitted definitive subdivision plan, which showed proposed lot lines but divulged little else. The plaintiff was thereafter permitted to file a modified definitive plan, and (though the pleadings were not amended) the disapproval of the modified plan by both boards became the subject of the judge's findings, rulings, and order for a judgment, which, as entered, annulled the planning board's disapproval and ordered it to approve the modified plan. The judge's decision, as well as the briefs filed herein, preceded the decision of this court in *Fairbairn* v. *Planning Bd. of Barnstable, ante,* 171 (1977), which held, among other things, that (1) a planning board may not override an adverse recommendation by the board of health with respect to a subdivision plan submitted for approval, and (2) the statutory appeal from the action of the planning board under G. L. c. 41, § 81BB, does not place in litigation the validity of the board of health's recommendation. Those holdings, applied to the present appeal, make it clear that the judgment cannot stand and that the planning board could not validly have given its approval to the modified plan in the form submitted. On the present record and without necessary parties before the court, we decline to reach, by way of dictum, the important question principally argued: namely, whether a board of health may base an adverse recommendation on an inadequacy (whether due to neglect in maintenance or otherwise) of the municipal sewerage system to process the anticipated outflow from a major (in this case, 2,532 dwelling units) subdivision. Compare *Daley Constr. Co. Inc.* v. *Planning Bd. of Randolph,* 340

Rescript Opinions.

Mass. 149 (1959), *Clark* v. *Water & Sewer Commrs. of Norwood,* 353 Mass. 708 (1968), *P & D Serv. Co. Inc.* v. *Zoning Bd. of Appeals of Dedham,* 359 Mass. 96 (1971), *Mac-Rich Realty Constr. Inc.* v. *Planning Bd. of Southborough,* 4 Mass. App. Ct. 79, 84-85 (1976); and *Canter* v. *Planning Bd. of Westborough,* 4 Mass. App. Ct. 306, 309-310 (1976). As to another important question argued in this case — namely, whether a planning board may disapprove a subdivision plan because the developer fails or refuses to reveal the use that he intends to make of the resulting lots, and the relevance, if any, to that question of the prohibition, found in G. L. c. 41, § 81Q, against planning board regulations relating "to the size, shape, width, frontage or use of lots within a subdivision, or to the buildings which may be constructed thereon" (Cf. *Chira* v. *Planning Bd. of Tisbury,* 3 Mass. App. Ct. 433, 439 [1975]; *Fairbairn* v. *Planning Bd. of Barnstable, supra,* at 183-185) — we similarly decline to rule, because resolution of those questions is not necessary to the decision in this case. The judgment is reversed; a new judgment is to be entered stating that the planning board did not exceed its authority in disapproving the plaintiff's plan, and that the clerk of the court within thirty days after the entry of the judgment send an attested copy thereof to the board.

*So ordered.*

*James T. Ronan & William J. Tinti,* City Solicitor, for the defendant.

*Timothy J. O'Keefe* (*Michael D. Kelly* with him) for the plaintiff.