LINDA M. STRAND & others *vs.* PLANNING BOARD OF SUDBURY & others. June 27, 1979. The circumstances which form the basis of this

controversy are fully set out in an earlier opinion of this court involving the same parties. See *Strand* v. *Planning Bd. of Sudbury*, 5 Mass. App. Ct. 18 (1977). That earlier appeal resulted in a remand of the case to the Superior Court to proceed along one of two lines suggested by this court.

After remand the board, pursuant to one of the alternatives suggested by this court, filed a "statement of intent," indicating its desire "to proceed in this matter with the plan containing conditions originally approved on January 15, 1973." Pursuant to a request by the board to hold a new hearing to examine the validity of its original decision, the same judge of the Superior Court who initially heard the case ruled that the original decision of the board was not in excess of its authority and affirmed it. A judgment to that effect was entered. There was no error.

The Subdivision Control Law "requires approval of any subdivision plan which conforms to the recommendation of the board of health and to the reasonable rules and regulations of the planning board." *Mac-Rich Realty Constr., Inc.* v. *Planning Bd. of Southborough*, 4 Mass. App. Ct. 79, 85 (1976). *Canter* v. *Planning Bd. of Westborough*, 4 Mass. App. Ct. 306, 308 (1976). See *Baker* v. *Planning Bd. of Framingham*, 353 Mass. 141, 144 (1967), and cases cited. Judicial review of planning board decisions is limited upon a de novo consideration to a determination whether the board's decision exceeded its authority. *Rettig* v. *Planning Bd. of Rowley*, 332 Mass. 476, 478 (1955). See G. L. c. 41, § 81BB. The burden of proof is on the persons objecting to convince the trier of fact that the board exceeded its authority and acted improperly. See *Selectmen of Ayer* v. *Planning Bd. of Ayer*, 3 Mass. App. Ct. 545, 548 (1975); *Mac-Rich Realty Constr. Inc.* v. *Planning Bd. of Southborough, supra* at 83.

We conclude on this record that the findings of the judge, based as they were in large part on oral testimony adduced at the hearing prior to remand, were not lacking in evidential support and cannot be said to be plainly wrong. *Malaguti* v. *Planning Bd. of Wellesley*, 3 Mass. App. Ct. 797, 798 (1975). See *Caruso* v. *Planning Bd. of Revere*, 354 Mass. 569, 571 (1968). See also Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). Quite to the contrary, there is ample support in the record for the judge's findings. Moreover, the "Memorandum and Order after Rescript" incorporates the earlier finding that "[t]here is certainly an adequate basis upon which the board could have approved the entire drainage system." Contrast *Hamilton* v. *Planning Bd. of Lexington*, 4 Mass. App. Ct. 802 (1976).

The plaintiffs' argument that the judge must rule in circumstances such as the present "as justice and equity may require" is correct; however, there is nothing in the record to indicate that the court did not adhere to "its usual and proper function of applying established law to established facts." *Strand* v. *Planning Bd. of Sudbury, supra* at 21, quoting from *Pendergast* v. *Board of Appeals of Barnstable*, 331 Mass. 555, 559 (1954) (construing "justice and equity" provision in the Zoning Enabling Act). See also *Rettig* v. *Planning Bd. of Rowley, supra* at 478-479.

*Judgment affirmed.*

*Francis C. Newton, Jr.* (*Francis C. Newton, III,* with him) for the plaintiffs.
*Gerald S. Cournoyer, Jr.,* for Walter A. Beckett & another.
*Paul L. Kenny,* Town Counsel, for the Planning Board of Sudbury.