LOUIS R. FARRUGIA vs. BOARD OF APPEALS OF MARSHFIELD.

Plymouth.  October 12, 1982. — December 1, 1982.

Present: GRANT, ROSE, & SMITH, JJ.

*Zoning,* Wetlands, Validity of by-law.

On appeal from a decision of a zoning board denying the plaintiff a special permit for construction of a residence on a lot including areas within both inland and coastal wetland zoning districts, the judge did not err in concluding that the plaintiff had failed to prove that his lot contained the minimum area of upland required for issuance of a permit. [721-722]

Errors in a zoning map which made it impossible for the owner of a parcel of land to establish the extent of upland within the parcel by reference to the map did not make invalid the application to the parcel of certain provisions of a zoning by-law governing wetlands, where any deficiencies in the zoning map were remedied by an independent textual definition of the inland wetland district and by provision for an alternative determination by the building inspector of the extent of upland on a subject parcel. [722]

CIVIL ACTION commenced in the Superior Court Department on July 7, 1980.

The case was heard by *Pierce, J.*

*Valerie Lynn Pawson* for the plaintiff.

*Robert L. Marzelli* for the defendant.

SMITH, J.  This is an appeal taken from a judgment of the Superior Court, affirming the decision of the board of appeals of Marshfield, denying the plaintiff a special permit to build a single-family residence on his land.  The judge held a de novo trial (see G. L. c. 40A, § 17; *Josephs* v. *Board of Appeals of Brookline,* 362 Mass. 290, 295 [1972]) and made extensive findings based on the testimony and also the stipulations of counsel.

The judge found that the plaintiff's land was located in a zoning district that required a minimum lot size of one acre

for the construction of a single-family residence. Because the lot included areas within both inland and coastal wetland zoning districts, a special permit was also required to construct a residence. The Marshfield by-law provides that before such a permit can be granted, the lot must be shown to contain a certain minimum area of upland,[1] in this instance 34,848 square feet. The judge found that the plaintiff did not prove that his lot contained the requisite 34,848 square feet of upland and, therefore, that the plaintiff had failed to sustain his burden of demonstrating he was entitled to a building permit.[2] *Framingham Clinic, Inc.* v. *Zoning Bd. of Appeals of Framingham*, 382 Mass. 283, 297 (1981). *Rafferty* v. *Sancta Maria Hosp.*, 5 Mass. App. Ct. 624, 630 n.7 (1977).

The plaintiff advances two arguments by this appeal. He challenges the judge's conclusion that he did not sustain his burden. In the alternative, he argues that the by-law requirement of a minimum upland area is invalid as applied to him because errors on the zoning map rendered it impossible accurately to determine the extent of his property within the inland wetland district. We disagree with both contentions and affirm the judgment.

The judge made a finding that the zoning map used by the plaintiff's expert in an effort to establish the extent of wetlands within the plaintiff's lot contained errors which made it impossible to locate the boundaries of the inland wetland district. The judge also found that the plaintiff's expert had not undertaken any independent calculations to determine the amount of upland within the lot. Despite the

---

[1] No definition of the term "upland" appears in the Marshfield by-law. From its ordinary meaning, both parties agree that the word connotes that portion of the land within a parcel that does not fall within either of the wetland districts.

[2] The Marshfield by-law provides two avenues a landowner may pursue in offering proof that a lot has the requisite upland: by a scaled comparison of the official zoning map to the subject property or, alternatively, by a formal field inspection by the building inspector. At trial, the building inspector was not a witness, and the plaintiff relied largely on evidence based upon map comparisons.

errors in the zoning map, the judge stated that he "specifically [did] not find that it is impossible to determine the precise size of the inland wetland district." The other avenue open to the plaintiff to show that the lot contained the required upland area, that is, the inspection by the building inspector (see note 2, *supra*), was not pursued at trial.

As to the plaintiff's second contention, there is no question that the zoning map contained errors that made it inaccurate and unreliable. Were an inaccurate map the only means by which the plaintiff could determine the location of the inland wetland district and its relationship to his property, it could be argued that the by-law was invalid as applied to the plaintiff's land. See *Castle Estates, Inc.* v. *Park & Planning Bd. of Medfield,* 344 Mass. 329, 334 (1962). *Canter* v. *Planning Bd. of Westborough,* 4 Mass. App. Ct. 306, 309 (1976). Such is not the case here because any deficiencies or vagueness inherent in the zoning map are adequately remedied by an independent textual definition of the inland wetland district, and by provision for an alternative determination by the building inspector of the extent of upland on a subject parcel. The wetlands provisions of the zoning by-law, when read as a whole, define the inland wetlands district with ample clarity and may properly be applied to the plaintiff's land.

The court's judgment that the board did not exceed its authority in denying the plaintiff's application is affirmed. *Subaru of New England, Inc.* v. *Board of Appeals of Canton,* 8 Mass. App. Ct. 483, 487-488 (1979).

*So ordered.*