GERALD M. CURTIN & another *vs.* BOARD OF SURVEY AND PLANNING OF WALTHAM; RALPH P. AMELIA & another, trustees, interveners. April 1, 1983. Sections 4 ("Design Standards").2("Street Design").2("Location and Alignment").2("Projections") and 5("Required Improvements") .5("Utilities").3("Utility Extensions") of the subdivision rules and regulations adopted by the defendant board (G. L. c. 41, § 81Q) must be read in conjunction with §§ 1("Purpose and Authority).3("Variation") and 2("Procedures for the Subdivision of Land").3("General").2("Compliance with These Rules and Regulations") of the same rules and regulations. Read together, they impose an obligation on the board to require a developer who submits a definitive subdivision plan to the board for its approval (G. L. c. 41, § 81U) to make reasonable provisions (as determined by the board) for the projection of streets and extension of utility systems to adjoining or adjacent property which is not yet subdivided unless the requirements of §§ 4.2.2.2 and 5.5.3 are expressly waived by the board in specified instances (G. L. c. 41, § 81R). The plaintiffs, the owners of some twelve acres of land not yet subdivided and lying immedi-

ately adjacent to land owned by the interveners appeared through their counsel at the public hearing (G. L. c. 41, § 81T) on the approval of a definitive plan for the subdivision of the interveners' land. They requested compliance with the requirements of §§ 4.2.2.2 and 5.5.3 with respect to their land. The board rejected the plaintiffs' requests "because [they] had nothing to do with the petition," took no action by way of a waiver of either of the last cited rules or regulations (contrast *Lyman* v. *Planning Bd. of Winchester*, 352 Mass. 209, 213-214 [1967]; *Caruso* v. *Planning Bd. of Revere*, 354 Mass. 569, 572 [1968]), and voted to approve the interveners' plan (G. L. c. 41, § 81U), which showed no recognition of § 4.2.2.2 or § 5.5.3. The plaintiffs appealed to the Superior Court and from there to this court. The stated reason for rejecting the plaintiffs' requests was clear error. On this record we do not know whether the facts are such that the board could make with respect to either rule or regulation the statutory findings which are prerequisites of valid waivers under G. L. c. 41, § 81R. See *Wheatley* v. *Planning Bd. of Hingham*, 7 Mass. App. Ct. 435, 449-450 (1979); *Arrigo* v. *Planning Bd. of Franklin*, 12 Mass. App. Ct. 802, 808-811 (1981). We do know that there are loose ends which must be attended to by the board, either by reasonable accommodations of the plaintiffs' requests under the relevant rules and regulations or by express waivers if such are permissible in the circumstances. Accordingly, the judgment of the Superior Court is reversed; a new judgment is to be entered which annuls the decision of the board as in excess of its authority and remands the case to the board for further proceedings consistent with this opinion. The Superior Court, in the exercise of its discretion, may retain jurisdiction over the case. Costs of appeal are not to be awarded to any party.

*So ordered.*

*Francis E. Jenney* for the plaintiffs.

*Julian J. D'Agostine* for Ralph P. Amelia & another, trustees, interveners.