ELLEN M. GIFFORD SHELTERING HOME CORPORATION *vs.*
BOARD OF APPEALS OF WAYLAND.

Middlesex.    April 6, 1965. — June 8, 1965.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Subdivision Control.    Equity Pleading and Practice,* Case stated, Appeal.

Upon appeal from the final decree in a suit in equity heard on a case
stated, this court affirmed the decree on a ground raised by the record
although different from the ground on which the trial judge based the
decree.    [294]

A condition to which a town's planning board under G. L. c. 41, §§ 81Q,
81R, subjected its approval of a subdivision plan, that "not more than
one dwelling shall be erected" on a certain lot meant that no structure
other than one dwelling might be erected on the lot and precluded the
erection thereon, in addition to an existing dwelling, of a building to
be used as a sheltering home for cats.    [294–295]

BILL IN EQUITY filed in the Superior Court on May 28,
1963.

The suit was heard by *Beaudreau,* J.

*Stuart DeBard* for the plaintiff.

*William J. McCluskey* (*Frank W. Kilburn, Jr.,* Town
Counsel, with him) for the defendant.

REARDON, J.   This is an appeal by the plaintiff from a
final decree of the Superior Court upholding the decision
of the defendant board of appeals which sustained the
building inspector's refusal to grant a building permit.
We have previously considered an earlier application of
the plaintiff for a permit.   (See footnote 4.)   We now con-
sider a further chapter in the plaintiff's effort to establish
in the town of Wayland a sheltering home for cats.

According to the statement of agreed facts the plaintiff,
a charitable corporation, purchased in November, 1960,
property at 302A Concord Road, Wayland (designated lot
No. 12), containing 230,404 square feet.   This property is
in a single residence zone and is part of a subdivision under

349 Mass. 292 293

Ellen M. Gifford Sheltering Home Corp. *v.* Board of Appeals of Wayland.

G. L. c. 41, §§ 81K–81GG. The planning board of the town approved the subdivision on or about December 22, 1958, subject to the condition, among others, that "not more than one dwelling shall be erected or placed on each of Lots 11 & 12."[1] On August 8, 1961, the plaintiff applied for a building permit to erect on lot No. 12, where then existed a dwelling house, an additional structure in the form of a one story building intended to house 150 to 200 cats. On August 28, 1961, the building inspector informed the plaintiff that the former had no authority under the town's by-laws to grant the desired permit and that the plaintiff would have to apply to the board of appeals for a special permit.[2] On December 5, 1962, the plaintiff appealed from the refusal of the building inspector to issue a permit. After a hearing on January 3, 1963, the board of appeals sustained the decision of the building inspector.[3]

The judge found that a permit to build a "sheltering cat home" was issued by the building inspector on November 16, 1960; that the permit was revoked on January 4, 1961; and that thereafter the plaintiff was enjoined from constructing the building.[4] He found that § V (h) of the zoning by-law in effect on November 16, 1960, would have permitted the erection and use of the sheltering home but that on January 11, 1961, the by-law was amended to require a special permit from the board of appeals for buildings of charitable institutions in single residence districts. It was under this amended by-law that the building inspector refused on August 28, 1961, to issue the permit.

The issue, as stated by the judge of the Superior Court, is whether the plaintiff is entitled to a building permit as

---

[1] Two other conditions were: (1) that the town of Wayland shall have no responsibility with respect to maintenance of the private way; and (2) the private way shall not be eligible for acceptance by the town as a town way. The way as shown on the approved plan is not a through way.

[2] Such a special permit was sought by the plaintiff and denied. The plaintiff does not appeal from this denial.

[3] In view of the basis of the disposition of this appeal we do not consider whether there was unreasonable delay by the plaintiff in taking it.

[4] See *Building Inspector of Wayland* v. *Ellen M. Gifford Sheltering Home Corp.* 344 Mass. 281.

a matter of right in view of G. L. c. 40A, § 7A, and the subdivision plan approved by the planning board on December 22, 1958. The plaintiff has argued that under G. L. c. 40A, § 7A, the board of appeals is obligated to allow the proposed use. It is our opinion that this question of statutory interpretation need not be decided since by reason of the "one dwelling" limitation the plaintiff cannot erect the sheltering home on lot No. 12. This is not the ground on which the judge based his decree, but the case is before us on a statement of agreed facts, and we therefore treat it as a case stated and consider all issues raised by the record. *Adams* v. *American Employers Ins. Co.* 292 Mass. 260, 261. *Rogers* v. *Attorney Gen.* 347 Mass. 126, 130.

The "one dwelling" limitation is authorized by G. L. c. 41, §§ 81Q and 81R. The latter section provides that a planning board "may, where the ways are not otherwise deemed adequate, approve a plan on conditions limiting . . . the number of buildings that may be erected on particular lots . . . ." The building inspector may not issue a building permit "until first satisfied . . . that any condition endorsed . . . [on a plan] limiting the right to erect or maintain buildings on such lot have [*sic*] been satisfied . . . and in the event that the planning board has by rule or regulation required that not more than one building for dwelling purposes be erected . . . on any lot without its consent, until satisfied that such consent has been obtained." G. L. c. 41, § 81Y. The parties have agreed that the planning board did not release the restriction limiting construction on lot No. 12 to one dwelling.

We do not interpret the condition as establishing a right to erect on lot No. 12, in addition to the existing dwelling, other structures provided they are not "dwellings." Surely one could not erect on lot No. 12 a dwelling and, in addition, a hospital. The statutory basis for the imposition of a condition is the inadequacy of the ways. See G. L. c. 41, §§ 81Q, 81R. A second dwelling would undoubtedly require much less use of ways than would result from the erection of an institutional structure. We think that

consistency of reasoning leads to the result that under the subdivision plan as it now stands *only* a single dwelling and no other structure may be erected. Since the plaintiff purchased lot No. 12 in 1960 and the subdivision plan had been approved in 1958, there was an acceptance by the plaintiff of the conditions imposed by the planning board at the time of approval and it is now too late to question these by means of litigation. The record does not disclose that the planning board exceeded its powers in respect to subdivisions in establishing the conditions or that it engaged in any attempt to exercise an undelegated zoning power.

*Decree affirmed.*