CAMPANELLI, INC. *vs.* PLANNING BOARD OF IPSWICH.    June 30, 1970. The plaintiff owns land in Ipswich shown on a recorded subdivision plan approved by the board by a "conditional approval agreement" (December 21, 1956) with the former owners. This agreement, recorded in the registry of deeds on January 14, 1957, purported to limit the duration of the approval to the earliest of the following three dates: (a) the recording of deeds releasing restrictions on all lots in the subdivision; (b) recording a statement that the development of these lots has been permanently discontinued; and (c) the expiration (on December 21, 1963) of seven years from the date of the agreement. The agreement was amended three times in various respects. One amendment, to which the present plaintiff was a party, extended the termination date of the original agreement to December 21, 1966. On August 6, 1968, the board voted "[t]o rescind approval of the subdivision . . . on advice of [t]own [c]ounsel." This bill appeals from the board's rescission action and seeks a declaration that it is void. The board's plea in bar relies upon the expiration of the amended conditional approval on December 21, 1966, "long prior to" the rescission vote. From a final decree dismissing the bill, after the plea had been sustained, the plaintiff appeals. The board correctly relies on the terms of the amended 1956 agreement. The owner's acceptance of its terms involved the owner's acquiescence (cf. *Kay-Vee Realty Co. Inc.* v. *Town Clerk of Ludlow*, 355 Mass. 165, 168–170) in the board's failure to approve the subdivision plan unconditionally (even if the conditions imposed in the agreement could be said not to have been authorized by the subdivision control law then in effect). See G. L. c. 41, §§ 81M (inserted by St. 1953, c. 674, § 7; since amended by St. 1957, c. 265), 81U (as

---

amended through St. 1955, c. 324; see later amendments through St. 1967, c. 567), 81V, and 81W (each as inserted by St. 1953, c. 674, § 7). No appeal appears to have been taken in 1956 or 1957 by the then owner under G. L. c. 41, § 81BB (as amended through St. 1957, c. 199, § 2), from the failure of the board to give unconditional approval (and its participation in the 1956 agreement). The board is not estopped to insist on the expiration date in the amended 1956 agreement by its unnecessary vote on August 6, 1968, to rescind its approval.

*Interlocutory and final decrees affirmed.*

*Denis Maguire* for the plaintiff.
*James T. Ronan* for the defendant.