VINCENT J. MARINO *vs.* BOARD OF APPEAL OF BEVERLY & others.   July 18, 1974.   In his bill in equity the plaintiff prayed that the Superior Court (1) annul a decision rendered in 1970 by the defendant board of appeal wherein it affirmed the denial by the inspector of buildings (inspector) of the plaintiff's application for a permit to build on certain land, and (2) declare void a notation on a subdivision plan approved by the planning board in 1957 pursuant to G. L. c. 41, § 81U, as amended through St. 1955, c. 324, that the subject land was "not to be built upon."   The plaintiff appeals from a decree upholding the decision.   We note that the action of the inspector was based on the restrictive notation in the subdivision plan and not on any supposed violation of G. L. c. 40A, or of the applicable zoning ordinance.   Even if we were to assume (though it has not been shown) that there was an identity of personnel on the board of appeal with that of the board established for purposes of the Subdivision Control Law under G. L. c. 41, § 81Z, as amended through St. 1958, c. 201 (see *Iverson* v. *Building Inspector of Dedham,* 354 Mass. 688, 690 [1968]; compare *O'Donnell* v. *Board of Appeals of Billerica,* 349 Mass. 324, 325-326 [1965]), and treat the

bill (though purporting to have been brought under G. L. c. 40A, § 21) as having been brought under the proper statute, G. L. c. 41, § 81BB (see *Rice* v. *Board of Appeals of Dennis,* 342 Mass. 499, 501-502 [1961]; *Sandberg* v. *Board of Appeals of Taunton,* 349 Mass. 769 [1965]; *P & D Serv. Co.* v. *Zoning Bd. of Appeals of Dedham,* 359 Mass. 96, 104-105 [1971]; *Ouellette* v. *Building Inspector of Quincy,* 362 Mass. 272, 276 [1972]), the fact remains that neither the inspector (see G. L. c. 41, § 81Y, as inserted by St. 1953, c. 674, § 7), nor the board of appeal (see G. L. c. 41, § 81Z, as amended through St. 1958, c. 201) had the power to grant the permit so long as the restriction remained in effect. *Ellen M. Gifford Sheltering Home Corp.* v. *Board of Appeals of Wayland,* 349 Mass. 292, 294 (1965). This would be true even if the restriction had been imposed without compliance with the hearing requirements of G. L. c. 41, § 81T, as inserted by St. 1953, c. 674, § 7 (see *Pieper* v. *Planning Bd. of Southborough,* 340 Mass. 157, 161 [1959]; *Doliner* v. *Planning Bd. of Millis,* 343 Mass. 1, 5 [1961]), or were invalid for any other reason. See *Campanelle, Inc.* v. *Planning Bd. of Ipswich,* 358 Mass. 798 (1970). The appropriate remedy in either event "was by appeal under G. L. c. 41, § 81BB [from the action of the planning board]." *Rounds* v. *Board of Water & Sewer Commrs. of Wilmington,* 347 Mass. 40, 45 (1964).

*Decree affirmed.*

*F. Dale Vincent* (*William P. Evans* with him) for the plaintiff.

*Bertram Glovsky* for Harriet S. Smith & another, interveners (*Ralph J. Edelstein,* City Solicitor, for the Board of Appeal of Beverly, with him).