HOWARD W. YOUNG & another[1] vs. PLANNING BOARD
OF CHILMARK.

Dukes County. May 4, 1988. — July 13, 1988.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

Subdivision Control. Municipal Corporations, Planning board. Practice,
Civil, Counsel fees, Costs.

Although a Superior Court judge properly allowed a developer's motion for
summary judgment annulling a planning board's purported rescission of
its approval of a subdivision plan on the ground that the planning board
failed to give appropriate notice and to conduct a proper public hearing,
where the appellate record had been expanded to show that after proper
notice and hearing the board again voted to rescind approval of the plan
for the same reasons and a challenge by the developer was pending in
Superior Court, and where the issue was fully briefed, this court under-
took to decide whether the rescission was proper. [844]
A town planning board could not properly rescind its approval of a definitive
subdivision plan because the developer failed to make a gift of land for
the benefit of the town, where the proposed gift was understood by all
parties to be voluntary and not a condition of the planning board's
approval and where, in any event, the planning board could not lawfully
have required such a gift as a condition of approval. [844-847]
A planning board, although in error as matter of law in its arguments, acted
neither in bad faith nor with gross negligence in rescinding its approval
of a subdivision plan; thus an award of costs and attorneys' fees to the
developer, who ultimately prevailed, was not warranted. [847]

CIVIL ACTION commenced in the Superior Court Department
on December 2, 1986.

The case was heard by James P. Donohue, J., on a motion
for summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

Thomas B. Bracken for the defendant.

[1] G. Geoffrey Young.

o

*Robert K. Lamere* (*Richard P. Owens* with him) for the plaintiffs.

WILKINS, J. We are concerned here principally with whether a planning board properly may rescind its approval of a definitive subdivision plan because the developers failed to make a gift for the benefit of the town that the developers had said they would make voluntarily but which they and the planning board fully understood was not to be a condition of planning board approval. We conclude that the developers' failure to make such a gift, which the planning board could not lawfully have required on its own as a condition of its approval of the subdivision plan, was not a proper basis for rescission of approval of the developers' definitive plan. We thus affirm the summary judgment entered for the developers. We also affirm the judgment in so far as it determines that the developers are not entitled to an award of attorneys' fees and costs against the planning board.

The facts presented on the plaintiffs' motion for summary judgment are not in significant dispute. In early 1986 the plaintiffs and their brother Louis W. Young, Jr., now deceased, as owners of land in Chilmark known as the Fulling Mill Brook property, sought the approval of the Chilmark planning board of a definitive subdivision plan of the property. The plan showed a parcel of approximately fifty acres that the town hoped to acquire for conservation purposes. It also showed seven residential lots on about twenty other acres. The planning board raised with the Youngs' agent the question whether the Youngs would include a so-called youth lot in the subdivision.[2] The Youngs responded through their agent that, instead of creating a youth lot, they would give one lot to a charitable organization which could sell it and tender the proceeds to the

---

[2] The Chilmark zoning by-law provides that, in certain circumstances, the board of appeals may grant a special permit to build a single-family dwelling on a lot having an area leass than otherwise required if the owner of the lot meets cerrtain age and residency requirements. A developer has no obligation to include a youth lot in a subdivision, nor has the planning board any right to disapprove a subdivision because it lacks a youth lot. It has been the practicᴄ of the Chilmark planning board to encourage the creation of youth lᴄts in subdivisions.

town. It was expected that those proceeds would be used to help the town meet its share of the cost of purchasing the prospective conservation land shown on the plan. The Youngs' agent made it clear, and the planning board understood, that the gift of a lot would be on a voluntary basis and could not be a condition of the board's approval of the subdivision plan. Negotiations with the town's conservation commission concerning the sale of the prospective conservation land continued while the subdivision plan was under consideration.

The planning board approved the Youngs' plan on March 10, 1986. The grant of a gift lot was not stated as a condition of the board's approval. The Youngs and the town conservation commission had not agreed on the sale price of the land proposed for conservation purposes. The Youngs never conveyed a gift lot to any charitable organization. In May, 1986, as authorized by a town meeting in April, 1986, the town took by eminent domain for conservation purposes the land shown on the plan and which had been the subject of negotiations. In September, 1986, the Youngs, being dissatisfied with the amount awarded by the town for the land taking, sued to recover damages in excess of the award.

The planning board became concerned that no gift lot had been conveyed. After discussion with Howard W. Young and counsel for the Youngs, the planning board voted on November 10, 1986, to rescind its approval of the Fulling Mill Brook subdivision. The planning board stated that it rescinded its approval because the Youngs "made a material change in the subdivision plan as represented to the Board" by refusing to convey the gift lot as promised. The planning board took that action without complying with the requirements of the Subdivision Control Law concerning notice and public hearing. G. L. c. 41, §§ 81W and 81T (1986 ed.). The Youngs sought judicial review of the planning board's action.

A judge of the Superior Court allowed the Youngs' motion for summary judgment. He did so on the ground that the planning board failed to give appropriate notice and to conduct a proper public hearing prior to its vote to rescind approval of the plan. He also ruled that the subdivision plan met all require-

ments of law and the rules and regulations of the planning board when it was approved and, therefore, rescission was inappropriate. Judgment was entered accordingly. The judge awarded neither party costs or attorneys' fees. The planning board appealed from the portion of the judgment that annulled its attempted rescission of its approval of the subdivision plan. The Youngs appealed from the denial of an award to them of costs and attorneys' fees. We took the parties' cross appeals on our own motion and now affirm the judgment.

1. We have no doubt that the planning board's failure to publish notice of and to hold a public hearing, as required by G. L. c. 41, §§ 81W and 81T, made ineffective its purported rescission of the definitive plan on November 10, 1986. The motion judge was, therefore, correct in annulling the board's decision. We need not consider the planning board's appeal further in order to affirm the judgment in favor of the Youngs. However, the appellate record has been expanded to show that, after proper notice and a public hearing, on November 2, 1987, the planning board again voted to rescind its approval of the Youngs' subdivision plan for the same reason it gave for its earlier vote of rescission. We are advised that the Youngs' challenge to the planning board's second vote to rescind is pending in the Superior Court. Neither party suggests that we should not discuss the merits of the planning board's claim that it could lawfully rescind its approval of the Youngs' subdivision plan. The issue is fully briefed, and the record is adequate to permit us to decide the question and thus in effect to dispose of the issue.

2. In our discussion of the planning board's argument that it could rescind its approval because the Youngs failed to convey a lot in the subdivision for the benefit of the town, we start with certain basic points. If approval of a subdivision plan is conditioned on particular future conduct by the developer, it should be stated as a condition in the board's vote, which becomes a matter of record. See *M. DeMatteo Constr. Co.* v. *Board of Appeals of Hingham*, 3 Mass. App. Ct. 446, 459 (1975). Here the condition was not so stated, nor could it properly have been without the Youngs' consent. A planning

board may not impose, as a condition of its approval, a require-
ment that any land within a subdivision be conveyed for any
public purpose (in the absence of just compensation to the
owner). G. L. c. 41, § 81Q (1986 ed.). The question then is
whether the planning board could properly rescind its approval
of the subdivision plan because the developers did not carry
out their intention to make a voluntary gift of a lot in the
subdivision for the benefit of the town.[3]

. Section 81W authorizes a planning board to rescind its ap-
proval of a subdivision plan, but it does not describe the cir-
cumstances in which a planning board may do so. The planning
board relies on dicta in cases in which, on the particular facts,
the right of a planning board to rescind approval or to amend
a plan has been recognized. These cases all have involved
mistakes by planning boards, known to the developers, which
resulted in the unintended approval of a subdivision plan or in
the approval of such a plan without the inclusion of the intended
conditions.[4] This case does not involve such circumstances.

---

[3] On this record it is not at all certain that the Youngs reneged even on
a moral obligation to convey a gift lot. The gift lot proposal may have been
connected with the negotiations concerning the sale of land intended for
conservation uses, and when those negotiations fell through, the gift lot
proposal perhaps lost its purpose. A gift of a lot would have been a far
greater concession than the creation of a youth lot that the developers could
have sold, perhaps at a price per square foot not far different from that of
a full sized lot.

[4] See *Kay-Vee Realty Co.* v. *Town Clerk of Ludlow*, 355 Mass. 165,
168-170 (1969) (rescission would be proper where planning board communi-
cated its intention to developer to disapprove definitive plan if developer
did not take certain action, but planning board failed to make a timely
disapproval and to file certificate of its disapproval with town clerk);
*Selectmen of Pembroke* v. *R. & P. Realty Corp.*, 348 Mass. 120, 128-129
(1964) (if purchasers of a subdivision knew that the planning board had
voted to impose certain conditions on its approval of a definitive plan but
a timely certificate of the board's decision had not been filed with the town
clerk, thus resulting in constructive approval of the definitive plan, the town
and its planning board had, as a means of relief, the power to act to rescind
or modify the constructive approval in order to impose the intended condi-
tions); *M. DeMatteo Constr. Co.* v. *Board of Appeals of Hingham*, 3 Mass.
App. Ct. 446, 458-460 (1975) (rescission of approval of a plan would be
appropriate relief from the failure of a planning board to provide as an
express condition of its approval that the developer must obtain an earth

Presumably a planning board may not without good reason rescind approval of a definitive plan. See *Baker* v. *Planning Bd. of Framingham*, 353 Mass. 141, 144-145 (1967). The plannning board does not suggest otherwise. The planning board argues that the Youngs reneged on a material agreement concerning approval of the subdivision plan and consequently its rescission of the approval was proper. We accept the fact that a developer's failure to carry out a promise (not expressed as a condition in the planning board's vote of approval) could in some circumstances be the failure of a material condition warranting rescission of the plan as to those who knew of the promise. There was, however, no such promise here. The uncontested facts show that the Youngs made it clear to the planning board that they would make a voluntary gift and that the conveying of a lot in the subdivision for the benefit of the town could not be a condition of the planning board's approval.

The uncontested facts also show no basis for the planning board's arguments that (a) the Youngs acquiesced in making their gift a condition of planning board approval and (b) the Youngs are estopped to deny that a gift lot was a condition of planning board approval. This is not a case in which a developer can properly be held to a particular condition on the ground that he acquiesced in it even though regulations did not (and probably could not lawfully) require performance of that condition. See *Campanelli, Inc.* v. *Planning Bd. of Ipswich*, 358 Mass. 798 (1970); *Rounds* v. *Water & Sewer Comm'rs of Wilmington*, 347 Mass. 40, 45-47 (1964). The Youngs explicitly said that they would not acquiesce in making the gift of a lot a condition of approval and insisted that the gift would be voluntary. For these same reasons, the planning board's argument that the Youngs are estopped to deny the gift lot was an element of the plan must fail. There simply was no representation on which the planning board reasonably

removal permit from the board of appeals if "the planning board's approval of the subdivision plan was on the condition and with the undertstanding that the plaintiff would apply for" an earth removal permit).

·

could have relied to its (or the town's) detriment.[5] See *Knight v. Lawrence*, 331 Mass. 293, 295 (1954); *Cooley* v. *Boston & Me. R.R.*, 303 Mass. 371, 376 (1939).

3. The judge was correct in ruling that the Youngs are not entitled to costs and attorneys' fees in this action. The record shows that the planning board, although in error as a matter of law in its arguments, acted neither in bad faith nor with gross negligence, and thus an award of costs and attorneys' fees is not warranted. See G. L. c. 41, § 81BB (1986 ed.) (as to costs); G. L. c. 231, § 6F (1986 ed.) (as to attorneys' fees, expenses, and costs); Mass. R. A. P. 25, as amended, 378 Mass. 925 (1979) (as to "just damages" and "single or double costs" in a frivolous appeal). The board acted on advice of counsel. The issue of the board's authority to rescind plan approval was worthy of presentation at trial and on appeal.

*Judgment affirmed.*

---

[5] There is not the slightest merit to the planning board's argument that the Youngs' appeal is too late because they should have appealed, not from the decision to rescind approval of the plan, but from the approval of the plan itself (because, the board argues, the approval plan implicitly included the allegedly unlawful condition that a gift lot be conveyed). The gift lot was not a condition of approval of the subdivision plan, implicitly or explicitly.