Toomey, J.
Plaintiffs filed this action seeking a declaratoiy judgment that, under G.L.c. 40A, §6, their land is subject to the zoning regulations in effect in 1989 when their subdivision plan was conditionally approved. The parties have filed cross motions for summary judgment. For the reasons set forth below, plaintiffs’ motion for summary judgment is denied and defendant’s motion for summary judgment is allowed.
BACKGROUND
Plaintiffs are owners of a parcel of undeveloped land in Charlton, Massachusetts. On March 7, 1989, defendant Planning Board of the Town of Charlton (“Board”) endorsed its approval of plaintiffs’ “Amended Definitive Subdivision Plan of Schofield Heights in Charlton, Massachusetts” (“1989 Plan”). The 1989 plan incorporated the following conditions:
It is agreed that this approval of the Charlton Planning Board is for two (2) years only.
In the event construction of this subdivision is not begun in ernest [sicl, in fact, within the two (2) year period, approval of the Planning Board is withdrawn.
The ways shown on this plan shall be completed within three years from this date or this plan shall be null and void.
The quoted conditions are also set forth as part of a covenant running with the land. Both the plan and the covenant sure recorded in the Worcester Registry of Deeds. Plaintiffs never began construction of the subdivision or the ways shown on the plan.
Subsequent to the submission and approval of the 1989 Plan, the Town of Charlton amended its zoning by-laws so as to increase the minimum residential lot size from 40,000 to 60,000 square feet and the minimum frontage from 150 to 175 feet. On May 3, 1994 plaintiffs submitted a preliminary plan depicting a subdivision with the same lot sizes and frontages as set forth in the 1989 Plan. On June 16,1994 the Board disapproved the preliminary plan because it did not comply with the amended zoning requirements then in effect. The Board noted that the 1989 Plan, on which the newly submitted plan was based, had become “null and void” because of plaintiffs’ failure to satisfy its conditions.[3]
The parties agree that plaintiffs’ failure to meet the covenanted conditions resulted in an automatic rescission of the 1989 approval, rendering the 1989 Plan null and void on March 7, 1992. The issue in contention is whether the eight-year zoning “freeze,” provided by paragraph five of G.L.c. 40A, §6,[4] applies to the plaintiffs’ land, thereby “protecting” it from the amended zoning regulations.
DISCUSSION
A court will grant summary judgment to the party entitled to judgment as a matter of law if both parties have moved for summary judgment and “there is no real dispute [concerning] the salient facts” or if a case only involves a question of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983).
Plaintiffs offer three principal arguments in support of their position: A) the plan approval in 1989 “triggered” the running of the freeze period B) the plan submitted in 1994 is a “resubmission” of the 1989 Plan, and C) the Board exceeded its statutory authority.
A. The 1989 Approval Triggered the Eight-Year Freeze
Plaintiffs argue that the approval of the Amended Definitive Subdivision Plan in 1989 was sufficient to commence the running of the eight year period and that their subsequent failure to meet the covenanted conditions cannot terminate the freeze. Defendants note that Section 6 imposes the freeze only if a plan is “finally approved.”
The Supreme Judicial Court has characterized a subdivision plan incorporating conditions similar to those in the instant case as “initial approval [which] was not final but rather conditional [and] within the board’s authority.” Costanza & Bertolino, Inc. v. Planning Board of North Reading, 360 Mass. 677, 681 (1971). Section 6 is thus to be read as providing that the freeze is only activated if a plan is finally approved and the freeze period runs from the date of endorsement of the conditional approval. Thus, if the 1989 Plan had been finally approved, the eight-year period would have been measured from the endorsement date of March 7, 1989.[5] Because, however, plaintiffs failed to satisfy the conditions, the 1989 Plan was not finally approved and the freeze was never activated.
B. The 1994 Plan was a Resubmission of the 1989 Plan
Plaintiffs contend that the plan submitted to the Board in 1994 is a “resubmission of a plan for the same land depicted on the original [1989] plan [and as a consequence] is governed by the same laws which governed the land shown on the original plan.” Plaintiffs recorded the conditions inscribed on their 1989 Plan in two separate documents at the Worcester Registry of Deeds. They were perforce on notice that the Plan would and did become null and void on March 7, 1992 when they failed to commence or complete any work on the proposed subdivision. Plaintiffs never appealed the failure to give unconditional approval in 1989; never appealed the automatic rescission/disapproval in 1992; and apparently never requested extension of the time limits provided in the conditions. Indeed, plaintiffs have conceded that the plan submitted in 1994 was a “newly submitted preliminary plan.” Compl. pars. 11, 12.
*391 The 1994 plan is neither a “resubmission”[6] nor an amendment of the 1989 Plan. See Arenstam v. Planning Board of Tyngsborough, 29 Mass.App.Ct. 314, 317 (1990). Rather, the 1994 Plan was a new submission of a reborn preliminary plan. Section 6 requires that the zoning laws in effect on the initial submission date of May 3, 1994 govern the land shown on that plan.
C. Statutory Authority
Finally, plaintiffs argue that the Board exceeded its statutory authority in an attempt to “frustrate” the statutory plan of G.L.c. 40A, §6 by use of the construction deadline conditions. Plaintiffs, however, acquiesced in the conditions imposed and are now estopped from repudiating that acquiescence. The Board is entitled to rely on plaintiffs’ agreement. The Supreme Judicial Court has noted that an owner/developer would be bound by agreed upon conditions even if such conditions were not authorized by the law. See Campanelli Inc v. Planning Board of Ipswich, 358 Mass. 798 (1970); see also Young v. Planning Board of Chilmark, 402 Mass. 841, 846 (1988); Marino v. Board of Appeals of Beverly, 2 Mass.App.Ct. 859, 859-60 (1974).
This court cannot ignore the fact that plaintiffs failed to do that which was in their power to do and what they agreed to do. They must bear the anticipated and reasonable consequences of their omissions.
ORDER
For the foregoing reasons, it is ORDERED that plaintiffs’ motion for summary judgment be DENIED and that defendant’s motion for summary judgment be ALLOWED.

The letter from the Board to plaintiffs stated that:
the lots shown [on the Preliminary Plan] do not comply with current minimum zoning requirements of 175 feet of frontage and 60,000 sq. ft. of area, respectively. As you know, the Definitive Plan on which the subject Preliminary Plan is based was approved/signed by the Board on March 7, 1989; however, the conditional note on said Plan limiting the time for ernest [sic] commencement of construction to two years and of completion of roads shown thereon to three years has not been satisfied. Therefore, to paraphrase both the note on the Plan and the recorded Covenant, said original Plan has become “null and void.”

The pertinent portion of paragraph five of G.L.c. 40A provides:
If a definitive plan, or a preliminary plan followed within seven months by a definitive plan, is submitted to a planning board for approval under the subdivision control law, and written notice of such submission has been given to the city or town clerk before the effective date of ordinance or by-law, the land shown on such plan shall be governed by the applicable provisions of the zoning ordinance or by-law, if any, in effect at the time of the first such submission while such plan or plans are being processed under the subdivision control law, and, if such definitive plan or an amendment thereof is finally approved, for eight years from the date of the endorsement of such approval . . .

If this were not the case, then stipulation of conditions of any kind in a plan would result in potentially uncontrollable enlargement of the eight-year period. Because plans are not finally approved until all conditions are satisfied, an unscrupulous developer could delay completion of the “final” condition indefinitely (or at least until the local planning board forced her hand) and then invoke the freeze for eight more years.

G.L.c. 40A, §6, par. 5 makes no provision for a “resubmission” of plans.