*Colleen C. Karsner* for Massachusetts Laborers' District Council Public Employees' Local Union 1249 & others.

ELIZABETH A. SERGI *vs.* PLANNING BOARD OF KINGSTON & another.[1] No. 02-P-

---

[1] Alan R. Fishman, trustee, intervener. Fishman is trustee of 23 Kingston Lots Trust and of Kingston Lots Realty Trust, owner of the subdivided land.

1233. March 31, 2004. *Subdivision Control,* Appeal, Decision of planning board.

The plaintiff, an abutter of a subdivision that had been approved by the planning board in 1989, brought this action under G. L. c. 41, § 81BB, seeking to annul a June 26, 2000, decision of the planning board (board) modifying the earlier plan. Judgment entered for the owner of the subdivision and the board, and the plaintiff appeals.[2] We affirm.

Since the plaintiff did not file a transcript of the hearing before the judge of the Superior Court, we rely on the findings of the judge and the exhibits (plans and planning board regulations) contained in the record. The original subdivision plan had been approved by the board on the application of a former owner. When the present owner, who had acquired the property in 1994, proposed to build houses and roads, the town's conservation commission brought an action seeking to protect wetlands, as the plan included a road that touched on vernal pools. The owner agreed to revise the original plan in order to accommodate the commission's concerns. The modification plan, approved by the board and now challenged by the plaintiff, is the result of that agreement.

The plaintiff claims that the approval of the modification plan was in excess of the board's authority because the plan did not comply with the board's regulations, including a requirement that it show a certain cart path into the plaintiff's property. The plan also did not, as required, show projections of streets or other means of access from the subdivision to the plaintiff's adjoining property.[3]

The difficulty with the plaintiff's position, as the judge ruled, is that she did not appeal the 1989 board decision. The modification in 2000 did not bear upon the plaintiff's property. None of the five lots involved in the redesign of the road abutted her property, and the board did not revisit its original approval of the plan. The judge correctly stated, "One is compelled to conclude, therefore, that the decision by which Sergi was aggrieved was made in 1989 and not in 2000."

The plaintiff attempts to rebut this conclusion by referring to two sections of G. L. c. 41, §§ 81BB and 81W. The first section states, in pertinent part, that "[a]ny person, whether or not previously a party to the proceedings, . . . aggrieved . . . by any decision of a planning board concerning a plan of a subdivision of land . . . may appeal to the superior court. . . ." General Laws c. 41, § 81BB, as amended by St. 1982, c. 533, § 2. She contends that her failure to appeal in 1989 does not bar her present claims. While the statute provides that even if a person does not challenge the action at the planning board level, he or she may still contest the action in the Superior Court, the provision does not permit an appeal of a modification plan to revive matters unchanged by that modification and not reconsidered by the board. This is so even if the original decision of the planning board was invalid. See *Campanelli, Inc.* v. *Planning Bd. of Ipswich,* 358 Mass. 798 (1970); *Marino* v. *Board of Appeal of Beverly,* 2 Mass. App. Ct. 859 (1974). Cf. *M. DeMatteo Constr. Co.* v. *Board of Appeals of Hingham,* 3 Mass. App. Ct. 446, 459 n.12 (1975).

---

[2] The judge found for the plaintiff on a counterclaim brought by the intervener.

[3] Although the plaintiff claims she is now landlocked by the plan, the judge found that the plaintiff's property is also accessible by another cart path.

The plaintiff fares no better under § 81W, which provides, in pertinent part, as appearing in St. 1953, c. 674, § 7: "All of the provisions of the subdivision control law relating to the submission and approval of a plan of a subdivision shall, *so far as apt*, be applicable to the approval of the modification . . ."[4] (emphasis supplied). We agree with the judge that the words "so far as apt" apply to the provisions which are relevant to the particular modification[5]; otherwise the policy of requiring strict compliance with the time limit for filing an appeal would be undermined.

In sum, the plaintiff's appeal from the 2000 modification does not revive the issues determined by the board in 1989.

*Judgment affirmed.*

*John C. Webster, III,* for the plaintiff.
*Hrant H. Russian* for the defendants.

---

[4]The parties argued the case on the assumption that the provisions of the subdivision control law include the regulations of the board. We treat the matter in the way presented by the parties.

[5]Of course, the procedural requirements such as giving notice, an opportunity to be heard, and the like, apply.

